## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br><br>　　　　　　Defendants. | Adv. No. 23-03078 (lead case) *consolidated with* Adv. Nos. 23-03079, 23-03080, 23-03081, and 23-03082 |

## DEFENDANTS' SECOND AMENDED ANSWER TO COMPLAINT

Defendants SRC Hospital Investments II, LLC ("***SRC***"); River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (collectively "Defendants"), by and through its undersigned counsel of record, hereby answers the Adversary Complaint of Plaintiffs Tenet Business Services Corporation; VHS Acquisition Subsidiary Number 3, Inc.; Lakefront Medical Associates, LLC; Vanguard Medical Specialists, LLC; VHS West Suburban Medical Center, Inc.; VHS Acquisition

1

Subsidiary Number 4, Inc., MacNeal Physicians Group, LLC; VHS Westlake Hospital, Inc.; and Midwest Pharmacies, Inc. and asserts their Affirmative Defenses as follows:

**INTRODUCTION**

1.      Admitted.

2.      Admitted in part, denied in part. Defendants admit that the Tenet Entities reserved all rights with respect to certain Seller Agency Settlements but deny the Tenet Entities' characterization of all Seller Agency Settlements as Excluded Assets.  Defendants deny that the Tenet Entities are the beneficial owner of the Seller Agency Settlements.

3.      Admitted.

4.      Admitted.

5.      Admitted in part, denied in part.  Defendants admit only that the Tenet Entities bring this adversary proceeding against Defendants and are seeking the relief set forth in Paragraph 5 of the Complaint. Defendants deny there are any legal or factual basis for the relief requested or that the Tenet Entities are entitled to any relief in this case.

**PARTIES**

6.      Admitted. Upon information and belief, Defendants admit that Tenet Business Services Corporation is a Texas corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

7.      Admitted. Upon information and belief, Defendants admit that VHS Acquisition Subsidiary Number 3, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

8.      Admitted. Upon information and belief, Defendants admit that Lakefront Medical Associates, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

2

9.      Admitted. Upon information and belief, Defendants admit that Vanguard Medical Specialists, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

10.      Admitted. Upon information and belief, Defendants admit that VHS West Suburban Medical Center, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

11.      Admitted. Upon information and belief, Defendants admit that VHS Acquisition Subsidiary Number 4, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

12.      Admitted. Upon information and belief, Defendants admit that MacNeal Physicians Group, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

13.      Admitted. Upon information and belief, Defendants admit that VHS Westlake Hospital, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

14.      Admitted. Upon information and belief, Defendants admit that Midwest Pharmacies, Inc. is an Illinois corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

15.      Denied in part, admitted in part. Defendants admit that SRC Hospital Investments II, LLC is a Delaware limited liability company with its principal place of business at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245. Defendants deny that SRC Hospital Investments II, Inc. is a subsidiary of Pipeline Health System, LLC.

16.      Admitted.

3

17.     Admitted.

18.     Admitted.

19.     Admitted.

## JURISDICTION AND VENUE

20.     Admitted.

21.     Admitted.

22.     Admitted.

## BACKGROUND

### I.     THE AMENDED AND RESTATED ASSET PURCHASE AGREEMENT

23.     Admitted.

24.     Admitted.

25.     Admitted in part, denied in part. Defendants admit the definitions of "Cost Reports" and "Government Reimbursement Programs" as quoted in footnote 3 but deny the remaining allegations of Paragraph 25 and footnote 3. Denied.

26.     Admitted in part, denied in part. Defendants admit certain assets of the Tenet Entities were not conveyed to SRC pursuant to Section 2.2 of the APA. Defendants deny the Tenet Entities' characterization of the Seller Agency Settlements as "Excluded Assets." The remaining allegations in Paragraph 26 and in footnote 4 are denied.

27.     Admitted.

28.     Admitted.

29.     Admitted in part, denied in part. Defendants admit that under the APA, SRC Hospital Investments II, Inc. received the provider numbers for the Illinois Facilities, the bank accounts where reimbursement payments are deposited, and the facilities where DHHS correspondence, notices of reimbursement, and demands for payment were to be sent. Defendants

lack sufficient information to admit or deny that all DHHS correspondence, notices of reimbursement, and demands for payment were all sent to the referenced facilities. The remaining allegations in Paragraph 29 are denied.

30.     Admitted.

31.     Denied.

**II.     SRC'S FAILURE TO REMIT THE TENET ENTITIES' PROPERTY**

32.     Admitted.

33.     Denied.

34.     Denied in part, admitted in part. Defendants admit the Specified Seller Agency Settlements have not been remitted to the Tenet Entities. Defendants deny they are required to remit the Specified Seller Agency Settlements to the Tenet Entities or the Tenet Entities are entitled to such remittance. Defendants admit footnote 5 as it appears in the Specified Seller Agency Settlements Table. After a reasonable inquiry into sources within Defendants' control, Defendants lack sufficient information to admit or deny the allegations in footnotes 6 and 7 at this time.

35.     Denied in part, admitted in part. Defendants admit the Governmental Authorities issue a notice with respect to the Specified Seller Agency Settlements. Defendants deny they have failed to transmit notices to the Tenet Entities. Defendants deny the remaining allegations in paragraph 35 and in footnote 8.

36.     Denied in part, admitted in part. Defendants admit the Specified Seller Agency Settlements have not been remitted to the Tenet Entities. Defendants deny they are required to remit the Specified Seller Agency Settlements to the Tenet Entities or that the Tenet Entities are entitled to such remittance.

37.     Denied in part, admitted in part.  Defendants admit they received some of the Specified Seller Agency Settlements.  Defendants deny the remaining allegations of Paragraph 37.

38.     Denied.

39.     Denied.

40.     Admitted in part, denied in part. Defendants admit the contents of Section 8.7(a)(ii) of the MIPA but deny the Tenet Entities' characterization of all Past Ramco Settlement Trust Funds and Future Ramco Settlement Trust Funds as Excluded Assets. The remaining allegations of Paragraph 40 are denied.

## CLAIMS FOR RELIEF

### COUNT I – CONVERSION

41.     Defendants incorporate all preceding paragraphs as if fully set forth herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Admitted.

47.     Denied.

48.     Admitted.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT II – DECLARATORY JUDGMENT

53.     Defendants incorporate all preceding paragraphs as if fully set forth herein.

54.     Admitted in part, denied in part. Defendants admit that the Tenet Entities seek the relief enumerated in Paragraph 54 but deny that the Tenet Entities are entitled to the requested relief.

55.     Admitted.

56.     Denied.

## COUNT III – INJUNCTIVE RELIEF

57.     Defendants incorporate all preceding paragraphs as if fully set forth herein.

58.     Admitted in part, denied in part. Defendants admit that the Tenet Entities seek the relief enumerated in Paragraph 58 but deny that the Tenet Entities are entitled to the requested relief.

59.     Admitted in part, denied in part. Defendants admit that the requested judicial order set forth in Paragraph 58 would help implement the Plan and the Plan Reservation of Rights and may issue under section 105(b) of the Bankruptcy Code. Defendants deny that the Tenet Entities are entitled to the requested judicial order.

60.     Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants deny that the Tenet Entities are entitled to any of the relief requested in the Prayer for Relief, including subsections (a) through (d), and respectfully request that the Court dismiss the Complaint in its entirety and enter judgment in favor of Defendants and against the Tenet Entities.

## AFFIRMATIVE DEFENSES

61.     In asserting the following defense, Defendants do not admit that the burden of proving the allegations or denials contained in the defense is upon Defendants, but to the contrary, the burden of proving the facts relevant to the defenses and the burden of proving the inverse of the allegations contained in the defense is upon the Tenet Entities.  Moreover, Defendants, in asserting the following defense or any other matter, do not admit any liability. Rather, Defendants specifically deny the allegations in the Complaint as set forth herein.

### FIRST AFFIRMATIVE DEFENSE

62.     Upon information and belief, the Tenet Entities' claims are barred based on the equitable doctrines of waiver, estoppel, and laches.

63.     In 2019, Tenet Business Services Corporation ("Tenet") sold West Suburban Medical Center ("West Suburban"), Weiss Memorial Hospital ("Weiss"), and Westlake Hospital ("Westlake") to Defendant SRC Hospital Investments II, Inc. ("SRC"), which is wholly owned by Pipeline Health System, LLC ("Pipeline"). During the course of the sale negotiations in 2018, Tenet made certain representations to SRC about the Purchased Assets and Excluded Assets and promised to abide by the terms of the Asset Purchase Agreement.  Unbeknownst to SRC, Tenet's representations were false,[1] and SRC ultimately agreed to pay Tenet $70 million to purchase the hospitals. The terms and conditions of the sale were ultimately set forth in the operative Amended and Restated Asset Purchase Agreement ("APA").

64.     The Tenet Entities' complaint stems from SRC's obligation under the APA to forward notices of settlement within ten days of receipt and to remit "promptly" the Specified

---

[1] SRC alleges and has alleged that Tenet's misrepresentations, which induced SRC to purchase Weiss and West Suburban, proximately caused the Defendant Debtors' bankruptcy.

Seller Agency Settlements to Tenet.  Under Article X of the APA, the exclusive remedy for any

dispute, controversy, claim, or disagreement arising out of or relating to the APA "shall be

negotiation, mediation and arbitration pursuant to this Article X," which survives termination of

the APA. (Dkt. 3-1 at 18.) At the time of executing the APA, Tenet represented to SRC it

intended to comply with the terms of the APA, including the obligation to submit all disputes

arising out of the APA to mediation and arbitration. SRC relied on this representation and others

in its decision to enter into the $70 million purchase-sale transaction.

65.     The Tenet Entities specifically allege SRC failed to remit certain Specified Seller

Agency Settlements after January 20, 2022 as required and subsequently used those payments to

fund the bankruptcy proceedings. The Tenet Entities further allege SRC received—and

forwarded—certain Notices of Settlement from 2021 and 2022 but failed to remit all or parts of

the settlement amounts. Though the complaint alleges conversion in name, it in fact purports to

state a claim for breach of contract.

66.     Two recent disputes predate this adversary proceeding: one brought by Pipeline

against Tenet about West Suburban, and the other by Tenet against Pipeline about Westlake.

Both actions were submitted to the American Arbitration Association ("AAA") as required by

the APA, and both allege purported breaches of the APA.  Tenet knew of the arbitration clause

and availed itself of AAA in both the West Suburban and Westlake actions.  But as to this

dispute, Tenet did not submit it to mediation and arbitration as required.

67.     Each Specified Seller Agency Settlement amount derives from a Notice of

Program Reimbursement ("NPR"), often times dated several years after the respective fiscal

year. For example, one NPR for a disputed Specified Seller Agency Settlement for fiscal year

ending May 2013, is dated 2019. On information and belief, Tenet was on notice as early as

2019, and possibly earlier, of SRC's alleged breach of the APA. But Tenet did not attempt to resolve this alleged breach, or any subsequent breach, through mediation in 2019, 2020, 2021, or even 2022.  Nor did Tenet submit this dispute to arbitration at any time between the date it became aware of a breach and the Petition Date, to SRC's detriment.  Rather, Tenet waited until May 2023 to assert its rights through this adversary proceeding.

68.     The principles of waiver and estoppel support the notion that a party to a contract may not lull another into a false assurance that strict compliance with a contractual duty will not be required and then sue for non-compliance. Waiver occurs when a party intentionally relinquishes or abandons a known right. *See Morgan v. Sundance*, 142 S.Ct. 1708, 1713 (2022). The party may impliedly waive a breach when it manifests an intent not to require an obligee to comply with a contractual duty. Estoppel arises when a party's conduct misleads another to believe that the party will not enforce a certain right, causing the other party to act to his detriment in reliance. *See Advanced Hydraulics, Inc. v. Otis Elevator Co.*, 525 F.2d 477, 479-80 (7th Cir. 1975). Tenet was aware of the purported breach and did not take steps to proceed with arbitration as the exclusive remedy under the APA. Tenet's acts—or failure to act—were inconsistent with any intent to assert its rights as to the Specified Seller Agency Settlements.  By failing to enforce strict compliance with the APA's terms for three years, SRC understood that Tenet did not intend to enforce its rights to the settlement payments.

69.     Laches as an affirmative defense bars a claim brought after an inexcusable delay, resulting in prejudice to the defendant. *In re Carl F. Semrau D.D.S., Ltd.*, 356 B.R. 677, 695-96 (Bankr. N.D. Ill. 2006). The Tenet Entities knew or should have known as of 2019 or 2020 that SRC was in breach of the APA by failing to remit "promptly" the settlement payments or forward notices within 10 days. Thus, the Tenet Entities were indisputably aware well prior to

10

2022 that SRC was in breach. Yet the Tenet Entities inexcusably delayed in asserting its right to payment under the APA, as it could and should have brought suit well before the Petition Date. Because of this delay, the Defendant Debtors have been prejudiced because they have not been afforded the ADR procedures Tenet agreed to in Article X of the APA.

70.     Defendants reserve the right to amend this Answer and/or add additional defenses or other matters, as allowed by the federal rules and as discovery proceeds.

Dated: August 31, 2023

*/s/ Javier Gonzalez*

**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:         vpolnick@jw.com
               jgonzalez@jw.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**CARLSON & JAYAKUMAR LLP**
Keith W. Carlson (*admitted pro hac vice*)
Lil G. Delcampo (*admitted pro hac vice*)
Kathrynn F. Benson (*admitted pro hac vice*)
2424 S.E. Bristol Street., Suite. 300
Newport Beach, CA 92660
T: 949-222-2008
E:             keith@cjattorneys.com
               lil@cjattorneys.com
               kathrynn@cjattorneys.com

*Co-Counsel for Defendant Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2023, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Javier Gonzalez*
Javier Gonzalez

12