UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC, *et al.*,<br><br>Defendants. | Adv. No. 23-03078 (lead case), *consolidated with* Adv. Nos 23-03079, 23-03080, 23-03081 and 23-03082 |

**JOINT STATEMENT TO THE COURT REGARDING THE STATUS OF DISCOVERY AND REQUEST FOR AMENDMENT TO SCHEDULING ORDER**

Tenet Business Services Corporation, together with the other above-captioned plaintiffs (collectively, the "***Tenet Entities***"), and SRC Hospital Investments II, LLC ("***SRC***"); River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (the "***Defendants***" or "***Debtors***," and together with the Tenet Entities, the "***Parties***") submit this update to the Court along with a request of relief as outlined below. This joint statement and request are made in connection with the December 15, 2023 status conference, which was scheduled by the Court at the Parties' request.

A.   **Update to the Court on the Status of Discovery**

1.   Tenet served document discovery requests on the Debtors on September 19, 2023. The documents central to this case, and the documents that Tenet is therefore primarily concerned with obtaining, are the relevant CMS/NGS settlement notices, CMS/NGS remittance advices, and

bank statements (the "**Key Documents**") discussed with the Court at the Rule 26 conference.

2. The Debtors do not object to Tenet's document discovery requests and the Parties are accordingly working together to obtain the Key Documents.

3. The Debtors no longer have physical possession of the Key Documents. In other words, the Debtors did not save copies of these documents when the Debtors sold the Weiss Hospital and West Suburban Hospital to Ramco Healthcare Holdings, LLC ("**Ramco**"). However, the Debtors have contractual rights to obtain the Key Documents from Ramco under section 8.2(b) of the Membership Interest Purchase Agreement (the "**MIPA**") approved by this Court on November 30, 2022 (*see* Case No. 22-90291, Docket No. 601, Exhibit 1).

4. Instead of directly pursuing their contractual rights to the Key Documents, the Debtors originally chose to serve Rule 45 subpoenas to obtain the Key Documents. Specifically, on November 3, 2023, the Debtors served Rule 45 subpoenas on Ramco and its subsidiaries that immediately own and operate the Weiss Hospital and West Suburban Hospital (collectively the "**Ramco parties**"). On this same date, the Debtors served Rule 45 subpoenas on National Government Services, Inc. ("**NGS**") as well as TRE Reimbursement Consulting, Inc. ("**TRE**"); TRE provided reimbursement consulting services for the Debtors during the relevant period. The only documents received by the Debtors in response to their Rule 45 subpoenas has been a "data dump" from TRE of over 2,000 records that the Debtors believe are largely nonresponsive (the "**TRE Production**"). The Debtors have transferred the TRE Production to Tenet. Except for the TRE Production, no documents have been produced to Debtors pursuant to the Rule 45 subpoenas.

5. On November 29, 2023, the Debtors sent an expedited Freedom of Information Act ("**FOIA**") demand to CMS requesting the settlement notices and remittance advices to Weiss Hospital and West Suburban Hospital during the relevant period. CMS responded on December 1, 2023, letting the Debtors know that the request was referred to the Office of Program Operations

& Local Engagement ("**OPOLE**"). OPOLE has not yet responded to the Debtors' FOIA request.

6. On December 4, 2023, the Debtors served interrogatories and document requests on Tenet, but the Parties have agreed to toll Tenet's response deadline until the Parties have obtained and reviewed the Key Documents; this matter is related to the below request by the Parties to formally phase discovery.

7. On December 12, 2023, the Debtors served Rule 45 subpoenas on the banks identified in Tenet's discovery to obtain the bank statements requested by Tenet.

**B.  Next Steps**

8. Prior to the December 15, 2023 status conference, the Debtors will issue a written demand to Ramco under the MIPA with respect to the records maintained by Weiss Hospital and West Suburban Hospital, and particularly the Key Documents. The Debtors have also committed to exert business-to-business pressure on their contacts with Ramco until the Key Documents have been obtained. The Debtors, in consultation with Tenet, are evaluating their agreement with TRE to determine if a similar demand would make sense there as well.

9. If either the Ramco parties or NGS fail to properly respond to the Debtors' Rule 45 subpoenas by December 22, 2023, the Debtors will file (in a court of competent jurisdiction) appropriate motions to compel by January 5, 2024.

10. If the steps outlined above do not result in the production of the Key Documents to Tenet by January 15, 2024, Tenet will take depositions of the Debtor and/or Ramco parties' persons with knowledge of where the requested records may be located.

**C.  Request to the Court**

11. The undersigned submit this joint statement to the Court primarily to update the Court on the status of discovery. Secondarily, it is now clear that the Parties will need additional time to conduct discovery, which is currently scheduled to close on January 31, 2024. It is not yet

clear what the entire discovery schedule should be, but the Parties believe that it is important to maintain deadlines on obtaining the Key Documents.

12. Therefore, the Parties request that the Court formally approve phasing the discovery as follows:

a. The Parties propose that the first phase of discovery be limited to obtaining the Key Documents and determining what other discovery is necessary. The Parties propose that the first phase end on **February 14, 2024**, subject to the Parties asking for additional time at a future conference in mid-January if the Parties remain unable to obtain the Key Documents.

b. The Parties propose that the second phase of discovery be determined at a hearing that the Parties request the Court set on or around March 1, 2024 to discuss further scheduling and discovery issues, which will be heavily informed by the contents of the Key Documents and the timing of their production.

AGREED & SUBMITTED

| /s/ *Jared M. Slade* | /s/ *Kathrynn F. Benson* |
|---|---|
| Jared M. Slade | Keith W. Carlson |
| Leah Fiorenza McNeill | Lil G. Delcampo |
| Jacob A. Johnson | Kathrynn F. Benson |
| ALSTON & BIRD LLP | CARLSON & JAYAKUMAR LLP |
| *Counsel for Tenet Business Services Corporation and certain affiliates* | *Co-Counsel for Defendant Debtors* *Signed with permission |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2023, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                      */s/ Jared M. Slade*
                                                      Jared M. Slade

                                                      *Counsel for Tenet Business Services Corporation and certain affiliates*