# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,<br>    Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION, *et al.*,<br>    Plaintiffs,<br>v.<br>SRC HOSPITAL INVESTMENTS II, LLC, *et al.*,<br>    Defendants. | Adv. No. 23-03078 (lead case), *consolidated with* Adv. Nos 23-03079, 23-03080, 23-03081 and 23-03082 |

## EMERGENCY MOTION FOR DISCOVERY CONFERENCE

Tenet Business Services Corporation, together with the additional plaintiffs, pursuant to the Court's Order governing discovery disputes (Doc. 4, ¶ 12), move the Court to hold an emergency discovery conference. As the Court is aware from the parties' status updates, Tenet served document discovery requests on the Defendants on September 19, 2023. Those requests sought the "***Key Documents***"—the CMS/NGS settlement notices, CMS/NGS remittance advices, and bank statements related to the Specified Seller Agency Settlements identified in the Complaint (Doc. 1, ¶ 34). Tenet *still* does not have certain CMS/NGS settlement notices and is missing the relevant CMS/NGS remittance advices. Tenet also still does not have the requested Master Concentration Account bank statements from the relevant period.

After five months of working in good faith with Defendants and relying on their assurances directly and to the Court of their diligent efforts to interface with third parties, time ran out and Tenet was forced to take a 30(b)(6) deposition to figure out how to break the log jam. The deposition commenced on March 21, 2024. The scope of the deposition generally covered the Defendants' preservation of relevant documents, discovery efforts, the persons with knowledge of the location of the Key Documents, and the current location of the Key Documents. The deposition was a surprise on many points.

***First***, Tenet learned Defendants took could not identify *any* efforts to preserve relevant documents upon the Illinois hospital sale in late November 2022. While Defendants suggest this litigation was not reasonably anticipated, counsel for the parties had communicated extensively on these issues throughout October 2022. Tenet's counsel gave Defendants' counsel a list of the subject settlements on October 21, 2022, later stating that an adversary proceeding would be necessary if a negotiated resolution was not reached (*see* Exhibit A). The parties further negotiated a reservation of Tenet's rights in the DIP order (*see* Case No. 22-bk-90291, Doc. 492, ¶ 47).

***Second***, the relevant CMS/NGS remittance advices were maintained in an electronic form prior to the sale of the hospitals but cannot be located or obtained.

***Third***, Defendants are withholding the bank statements for the Master Concentration Account (US Bank) on the basis of confidentiality, an objection *never* raised before the deposition and notwithstanding their unequivocal statement to this Court: "**The Debtors do not object to Tenet's document discovery requests** and the Parties are accordingly working together to obtain the Key Documents." (Doc. 95, ¶ 2); *See also* Doc. 102, ¶ 6 (discussing Defendants' efforts to obtain US Bank statements under Rule 45).

***Fourth***, on December 14, 2023, Defendants said: "Prior to the December 15, 2023 status conference, the Defendants will issue a written demand to Ramco under the MIPA with respect to the records maintained by Weiss Hospital and West Suburban Hospital, and particularly the Key Documents. Defendants have also committed to exert business-to-business pressure on their contacts with Ramco until the Key Documents have been obtained." Yet in the deposition, the designee could not confirm such demand was made. *See, e.g.,* Pipeline 30(b)(6) Depo. (March 21, 2024), p. 26:3–17; *id.* at 45:9–12.

***Finally***, Defendants have yet to examine their systems for the Key Documents.

In addition to these astounding admissions, the witness was wholly unprepared to respond to the questions put to him in the deposition and conceded practically no effort was made to prepare, as the witness spent "An hour and 20 minutes, max" to address 41 topics. *See* Pipeline 30(b)(6) Depo., p. 21:13. Then, when the deposition was continued to a date three weeks later to accommodate the designee's schedule, the designee did nothing further to prepare. *See id.* 11:2–6.

Therefore, pursuant to the Court's standing order, Plaintiffs wish to hold a discovery conference with the Court to raise two related issues: (1) a motion to compel, and (2) a motion for sanctions. Plaintiffs are amenable to the Court hearing this Motion during the previously scheduled May 2, 2024 status conference if that is convenient to the Court.

Dated: April 22, 2024

**ALSTON & BIRD LLP**

*/s/ Jared M. Slade*
Jared M. Slade
Texas Bar No. 24060618
S.D. Tex. Bar no. 1813371
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
T: 214-922-3400
E: jared.slade@alston.com

*and*

Leah Fiorenza McNeill (*pro hac vice*)
Georgia Bar No. 940554
Jacob A. Johnson (*pro hac vice*)
Georgia Bar No. 849407
One Atlantic Center
1201 West Peachtree Street NW
Atlanta, GA 30309
T: 404-881-7000
F: 404-881-7777
E: leah.mcneill@alston.com
E: jacob.johnson@alston.com

*Counsel for Tenet Business Services Corporation and certain affiliates*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2024, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jared M. Slade*
Jared M. Slade

*Counsel for Tenet Business Services Corporation and certain affiliates*