UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,<br>　　　　Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION, *et al.*,<br>　　　　Plaintiffs,<br>v.<br>SRC HOSPITAL INVESTMENTS II, LLC, *et al.*,<br>　　　　Defendants. | Adv. No. 23-03078 (lead case) *consolidated with* Adv. Nos 23-03079, 23-03080, 23-03081 and 23-03082 |

### DEFENDANTS' EMERGENCY MOTION TO CONTINUE MAY 2, 2024 DISCOVERY CONFERENCE

Defendant SRC Hospital Investments II, LLC, together with the other defendants (collectively "Defendants"), respectfully move the Court for an Order continuing the discovery conference scheduled for May 2, 2024.

At the agreement of the parties, the Court originally scheduled the discovery conference for May 2, 2024, at 1:30 p.m. Central Time. The discovery conference was to occur remotely to accommodate the parties' counsels, who are located in Atlanta, Georgia and Dallas, Texas (Plaintiffs) and in Newport Beach, California (Defendants).

In the afternoon on April 22, 2024, Plaintiff Tenet Business Services Corporation, along with the additional plaintiffs (collectively, "Tenet"), filed an emergency motion for discovery conference (Doc. 119). On April 23, 2024, the Court issued a Case Management Order (Doc. 120) granting Tenet's request for an emergency conference on May 2, 2024. Per the Case Management Order, the parties are ordered to appear in person for an evidentiary hearing. (Doc. 120, ¶ 4.)

1

Defendants' counsel agreed to the May 2 discovery conference as originally scheduled because counsel were permitted to appear remotely. The Case Management Order mandating personal appearances unfortunately creates a scheduling conflict for Defendants. While same-day flights into Houston from John Wayne Airport are available, they arrive either after the discovery conference or too close to the start of the hearing after factoring in potential delays, tarmac time, and traffic. Further, Defendants' lead trial counsel has a pre-existing deposition that prevents him from flying into Houston the day before the discovery conference. Pursuant to Local Rule 9013-1(g), Defendants' counsel conferred with Plaintiff's counsel about the continuance. *See* Certificate of Conference, *infra*, at p. 3.

Therefore, Defendants respectfully request that the Court briefly continue the discovery conference so that Defendants' counsel can appear in person as required by the Case Management Order. Defendants propose the following potential alternative hearing dates: May 24, May 29, June 19, June 25, and June 26.  Defendants' counsel could also appear for an earlier hearing on May 6 as their last preference.

Dated: April 26, 2024                                               **CARLSON & JAYAKUMAR LLP**

/s/ Keith W. Carlson
Keith W. Carlson
   (Cal. Bar 193437 *admitted pro hac vice*)
Lil G. Delcampo
   (Cal. Bar 190055 *admitted pro hac vice*)
Kathrynn F. Benson
   (Cal. Bar 311000 *admitted pro hac vice*)
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Telephone:    949-222-2008
Email:            keith@cjattorneys.com
                     lil@cjattorneys.com
                     kathrynn@cjattorneys.com

*and*

**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:     (713) 752-4221
Email:         vpolnick@jw.com
               jgonzalez@jw.com

*Co-Counsel for Defendant Debtors*

## CERTIFICATE OF CONFERENCE

I, Kathrynn Benson, certify that on April 25, 2024, I personally conferred with Jared Slade, attorney for Plaintiffs, via email about stipulating to continue the discovery conference to one of the above dates given the challenges around appearing in person on May 2, or alternatively, filing the instant motion for a continuance. Attorney Slade advised he would confer with Plaintiffs but was not in a position to represent whether Plaintiffs would stipulate to a continuance or otherwise oppose a motion for continuance.

*/s/ Kathrynn Benson /*
Kathrynn Benson
*Counsel for Defendant Debtors*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I caused a true and correct copy of the foregoing to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Kathrynn Benson /*
Kathrynn Benson

*Counsel for Defendant Debtors*
