**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al*.,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION, *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC, *et al*.,<br><br>Defendants. | Adv. No. 23-03078 (lead case), *consolidated with* Adv. Nos 23-03079, 23-03080, 23-03081 and 23-03082 |

**EMERGENCY MOTION TO COMPEL COMPLIANCE WITH DEFENDANTS' DOCUMENT REQUESTS TO THIRD PARTY AUM GLOBAL HEALTHCARE MANAGEMENT, LLC D/B/A RESILIENCE HEALTH**

> **Emergency relief has been requested.**
> **Relief is requested not later than September 13, 2024.**
>
> **This motion seeks an order that may adversely affect you. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the relief requested or you believe that emergency consideration is not warranted, you should file an immediate response stating why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you.**
>
> **Represented parties should act through their attorney.**

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Rule 7037 of the Federal Rules of Bankruptcy Procedure, Local Rule 9013, and the Order Approving the Sale dated November 30, 2022 (*see* Case No. 22-90291, Dkt. 601), Defendant SRC Hospital Investments II, LLC ("***SRC***"), together with the other named Defendants (collectively, "***Defendants***"),

1

respectfully moves the Court for an Order compelling third party AUM Global Healthcare Management, LLC d/b/a Resilience Health ("**Resilience**") to comply with Defendants' business records subpoenas and with the obligations set forth in § 8.2(b) of the Membership Interest Purchase Agreement ("**MIPA**") (*see* Case No. 22-90291, Dkt. 534-1 at 56).

## I.   INTRODUCTION

1.   Between November 2023 and September 2024, Defendants requested Resilience—including by way of Rule 45 document subpoenas and inspection requests under section 8.2(b) of the MIPA—to produce documents and information necessary to defend against this adversary proceeding.

2.   While initially cooperative with Defendants' document subpoenas, Resilience has since failed to produce all responsive records. Accordingly, Defendants issued formal inspection demands to Resilience under section 8.2(b) of the MIPA ("**MIPA Requests**").  Resilience has not produced records in response to Defendants' MIPA Requests, and key documents responsive to the subpoenas are still outstanding.

3.   Defendants now seek the Court's assistance in compelling Resilience's compliance with its obligations under both Rule 45 of the Federal Rules of Civil Procedure and the MIPA.

## II.   BACKGROUND

4.   On November 30, 2022, the Court issued an order approving the sale of certain of Debtor Pipeline Health System, LLC's ("**Pipeline**") assets in connection with the lead bankruptcy case, *In re Pipeline Health System, LLC*, Case No. 22-90291 ("**Sale Order**"). Specifically, the Court approved the sale of Weiss Hospital and West Suburban Medical Center to third party purchasers AUM Global Healthcare Management, LLC and Ramco Healthcare Holdings, LLC ("**Buyers**"). (*See* Case No. 22-90291, Dkt. 601.)  In connection with the sale, Pipeline and Buyers entered into the MIPA on November 22, 2022, pursuant to which Pipeline transferred all records

for Weiss Hospital and West Suburban Medical Center to Buyers. Under the MIPA, Buyers expressly agreed that:

> "Buyer shall for a period of seven (7) years after the Closing, and indefinitely with respect to any governmental or third party claims, maintain in accordance with retention requirements under Applicable Law and make reasonably available to Seller and its respective Representatives and/or Governmental Authorities, upon written request and at the expense of Seller, such documents and information…to the extent necessary to facilitate…the prosecution or defense of claims. Each Party shall cooperate with the other in connection with the handling of any such post-closing matters as may reasonably be requested."

(*See* Dkt. 534-1 at 56, § 8.2(b).)

5. On November 3, 2023, under Federal Rule of Civil Procedure 45, Defendant SRC served a Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Case (or Adversary Proceeding) on each of third parties Resilience Healthcare – Weiss Memorial Hospital, LLC, Resilience Healthcare – West Suburban Medical Center, LLC, and Ramco Healthcare Holdings, LLC ("**Subpoenas**"). True and correct copies of the Subpoenas are filed herewith as **Exhibit 1**.

6. The Subpoenas requested Resilience to produce, among other things, documents and communications Weiss Hospital and West Suburban Medical Center received relating to "any Cost Report and Cost Report Settlements[.]" (Ex. 1 at 6, ¶¶ 5–8; at 11, ¶¶ 3–4; at 16, ¶¶ 3–4.)

7. On January 9, 2024, Resilience's counsel acknowledged receipt of the subpoenas, confirmed that Defendant SRC, by and through the subpoenas, was exercising its rights under section 8.2(b) of the MIPA, and represented that AUM Global Healthcare would produce records on behalf of the subpoenaed entities. A true and correct copy of Resilience's letter is filed herewith as **Exhibit 2**.

8. Between January 10 and February 12, 2024, Resilience indeed produced documents in response to the Subpoenas. But by May 2024, several documents were still outstanding.

9. By email to Resilience's counsel on May 8, 2024, Defendant SRC requested

3

Resilience to search for various SSI Optical Pass-Thru Reports, which would have been responsive to the Subpoenas but were not produced. On May 9, Resilience's counsel advised that Resilience would conduct another search. A true and correct copy of Defense counsel's correspondence with Resilience's counsel between May 8 and May 15, 2024, regarding the request is filed herewith as **Exhibit 3**.

10. Defendant SRC did not receive a response from Resilience. However, on May 15 and May 31, 2024, National Government Services produced nine remittance advice summary pages. SRC determined the May 8, 2024 request to Resilience was moot.

11. Nevertheless, Plaintiff Tenet Business Services Corporation ("*Tenet*") took issue with some of the remittance advice summary pages on the belief key information was missing. Accordingly, on July 10, 2024, Defendant SRC issued a MIPA Request to Resilience, this time seeking the remittance advices corresponding to the Medicare Specified Seller Agency Settlements. Resilience, through counsel, acknowledged receipt of the request. A true and correct copy of Defense counsel's correspondence with Buyer's counsel is filed herewith as **Exhibit 4**.

12. On August 1, 2024, Defendants requested an update from Resilience. (Ex. 4 at 3.) Resilience did not respond. (*Id*. at 1–2.) On August 29, 2024, Defendants narrowed the request to just four remittance advices in hopes it would yield a faster response. Defendants further notified Resilience of the court status conference on September 9, 2024, and requested that Resilience confirm it was searching for, and would produce, the remittance advices. Once again, Resilience did not respond. (*Id*. at 1.) On September 5, 2024, Defendants requested a status update from Resilience for the third time, with no response. (*Id*.)

13. Following the status conference on September 9, 2024, Defendants notified Resilience's counsel by email of the emergency hearing scheduled for September 13, 2024, at 1:30 p.m. Central Time. A true and correct copy of Defendants' email to Resilience is attached as

4

**Exhibit 5**.

### III.  ARGUMENT AND CITATION OF AUTHORITIES

14. Federal Rule of Civil Procedure 45 allows a party to command the production of documents from a third party. Resilience did not object to Defendants' Rule 45 subpoenas and, initially, produced records to Defendants over several months. When it became clear in May 2024 that key documents were missing from Resilience's production, Defendants issued a new request on May 8, 2024.

15. After Tenet disputed the integrity of remittance advice summary pages NGS produced, Defendants served another MIPA Request on Resilience on July 10, 2024. That request was followed by four additional emails to Resilience to either clarify the search terms or to request an update. Resilience did not respond. Resilience's failure to produce all documents responsive to the subpoenas is improper.

16. Resilience's failure to respond to SRC's various requests also reflects a disregard for its obligations under the MIPA, which this Court affirmed in the Sale Order. The Court has the inherent power to secure the just, speedy, and inexpensive determination of proceedings before it—including enforcement of the Sale Order in the lead bankruptcy case.  (Fed. R. Civ. P. 1.)

### IV.  CONCLUSION

17. The remittance advices at issue are relevant to this case because they will confirm the date Medicare issued the Specified Seller Agency Settlements to Defendants. That date, in turn, will show Defendants did not acquire or possess the Specified Seller Agency Settlements after the bankruptcy petition date, which is directly relevant to Tenet's claim for entitlement to administrative expense priority.

18. Resilience's failure to respond to SRC's records requests prevents Defendants from effectively defending against this action.  Therefore, Defendants respectfully request entry

of the Proposed Order filed herewith, granting Defendants' request to compel Resilience to comply with its obligations under both Rule 45 and section 8.2(b) of the MIPA by September 20, 2024, ordering Resilience to comply with all future requests for information under section 8.2(b) of the MIPA, and granting such other and further relief as the Court may deem just and appropriate.

Dated: September 12, 2024               **CARLSON & JAYAKUMAR LLP**

_____
Keith W. Carlson
    (CA Bar No. 193437 *admitted pro hac vice*)
Lil G. Delcampo
    (CA Bar No. 190055 *admitted pro hac vice*)
Kathrynn F. Benson
    (CA Bar No. 311000 *admitted pro hac vice*)
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Telephone:   949-222-2008
Email:   keith@cjattoneys.com
        lil@cjattorneys.com
        kathrynn@cjattorneys.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 12, 2024, a true and correct copy of the foregoing was served on all parties by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. I further certify that on September 12, 2024, a true and correct copy of the foregoing was served on third party AUM Global Healthcare Management, LLC by email to counsel of record.

        */s/ Kathrynn F. Benson /*
        Kathrynn F. Benson
        *Counsel for Defendants*

6