## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION; VHS ACQUISITION SUBSIDIARY NUMBER 3, INC.; LAKEFRONT MEDICAL ASSOCIATES, LLC; VANGUARD MEDICAL SPECIALISTS, LLC; VHS WEST SUBURBAN MEDICAL CENTER, INC.; VHS ACQUISITION SUBSIDIARY NUMBER 4, INC., MACNEAL PHYSICIANS GROUP, LLC; VHS WESTLAKE HOSPITAL, INC.; AND MIDWEST PHARMACIES, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC; RIVER FOREST PROPERTY HOLDINGS, LLC; WEISS MOB PROPERTY HOLDINGS, LLC; WEISS PROPERTY HOLDINGS, LLC; AND WEST SUBURBAN PROPERTY HOLDINGS, LLC,<br><br>      Defendants. | Adv. No. 23-03078 (lead case), *consolidated with* Adv. Nos 23-03079, 23-03080, 23-03081 and 23-03082 |

## FIRST AMENDED COMPLAINT FOR CONVERSION, DECLARATORY RELIEF, AND TURNOVER OF FUNDS AND APPLICATION FOR INJUNCTIVE RELIEF

Tenet Business Services Corporation, together with the other above-captioned plaintiffs (collectively, the "***Tenet Entities***"), hereby file this complaint for conversion, declaratory relief and turnover of funds, and application for injunctive relief (the "***Complaint***") against SRC Hospital

---

[1] A complete list of each of the debtors (the "***Debtors***") in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/PipelineHealth. The Debtors' service address is 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

Investments II, LLC; River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (the "***Defendants***").

<u>INTRODUCTION</u>

1.      On October 2, 2022 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § § 101-1330 (as amended, the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***").

2.      During the Debtors' Chapter 11 Cases, the Tenet Entities reserved all rights with respect to certain Specified Medicare/Tricare Settlements (as defined in the Debtors' final DIP order, Docket No. 492), which are also referred to as Seller Agency Settlements in the APA and are "Excluded Assets" pursuant to the APA, and with respect to which the Tenet Entities are the beneficial owner.  *See*, *e.g.*, Proof of Claim No. 10859 at n.7.

3.      The reservation of rights with the Debtors culminated in the addition of the following language (the "***Plan Reservation of Rights***") to the *Order Approving the Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1041] (the "***Confirmation Order***") confirming the Debtors' *Second Amended Joint Chapter 11 Plan of Reorganization of Pipeline Health System, LLC and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1019] (as modified, amended, and including all supplements, the "***Plan***"):

> **Provisions Regarding Tenet.** Nothing in the Plan, this Confirmation Order, or any other prior order of the Bankruptcy Court in the Chapter 11 Cases impairs the rights and claims of Tenet Business Services Corporation and its affiliates ("Tenet") with respect to Medicare/Tricare cost report settlements for healthcare services provided by Tenet during its ownership and operation of the Louis A. Weiss Memorial and West Suburban Medical Center (the "Illinois Facilities") prior to Tenet's sale of the assets of the Illinois Facilities to the Debtors on or about January 28, 2019 and, unless resolved consensually, this Court shall determine the allowance, amount,

and priority of Tenet's claims, if any, against the Debtors or Reorganized Debtors, and each of the Debtors' and the Reorganized Debtors' rights, claims, counterclaims, and defenses under applicable law are hereby preserved in full and not waived; for the avoidance of doubt, to the extent that Tenet's claims are later allowed as Administrative Claims, they shall be entitled to payment in full by the Reorganized Debtors in cash in an amount equal to the allowed amount of such claim unless otherwise agreed among Tenet and the Reorganized Debtors.

Confirmation Order, ¶ 118.

4.    The Plan became effective on February 6, 2023 (the "***Effective Date***").

5.    The Tenet Entities bring this adversary proceeding against the Defendants seeking primarily to establish a postpetition conversion claim premised on the Debtors' wrongful use of the Tenet Entities' property—namely, the Seller Agency Settlements—to fund their operations during the Chapter 11 Cases.  Pursuant to the Plan Reservation of Rights, a postpetition conversion claim would be entitled to administrative expense priority and would thus be payable in full by the Defendants.  The Tenet Entities further seek injunctive and declaratory relief to enforce and otherwise protect the Tenet Entities' rights to the proceeds of certain Seller Agency Settlements that have not been liquidated.

## PARTIES

6.    Tenet Business Services Corporation ("***Tenet***") is a Texas corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

7.    VHS Acquisition Subsidiary Number 3, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

8.    Lakefront Medical Associates, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

9.    Vanguard Medical Specialists, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

10.     VHS West Suburban Medical Center, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

11.     VHS Acquisition Subsidiary Number 4, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

12.     MacNeal Physicians Group, LLC is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

13.     VHS Westlake Hospital, Inc. is a Delaware corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

14.     Midwest Pharmacies, Inc. is an Illinois corporation with its principal place of business located at 14201 Dallas Parkway, Dallas, Texas 75254.

15.     SRC Hospital Investments II, LLC ("*SRC*") is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.  SRC is a subsidiary of Pipeline Health System, LLC, which operates multiple hospitals in California and Texas.

16.     Upon information and belief, River Forest Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

17.     Upon information and belief, Weiss MOB Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

18.     Upon information and belief, Weiss Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

19.     Upon information and belief, West Suburban Property Holdings, LLC is a Delaware limited liability company with its principal place of business located at 898 N. Pacific Coast Highway, Suite 700, El Segundo, California 90245.

### JURISDICTION AND VENUE

20.     From the Petition Date to the Effective Date, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Upon the occurrence of the Effective Date, the property of the Debtors revested in Debtor entities, including *inter alia*, the Defendants (the "***Reorganized Debtors***"). Plan, Art. IV.B.8.  Pursuant to the Plan, each Reorganized Debtor is required to pay a "General Administrative Claim" against it "no later than thirty days after the date on which an order Allowing such General Administrative Claim becomes a Final Order, or as soon as reasonably practicable thereafter." *Id.* Art. II.A.

21.     Jurisdiction over this adversary proceeding (the "***Adversary Proceeding***") is based on 28 U.S.C. §§ 1334 and 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), pursuant to the Court's retention of jurisdiction over, *inter alia*, administrative claims in Article XII of the Plan, and pursuant to the Plan Reservation of Rights. The statutory and legal predicates for the relief sought herein is the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; 11 U.S.C. §§ 105(b), 502, 503(b), and 541(d); and Bankruptcy Rules 7001(1), 7001(7), and 7001(9).

22.     This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409(a).

LEGAL02/45273046v1

<u>**BACKGROUND**</u>

## I.   THE AMENDED AND RESTATED ASSET PURCHASE AGREEMENT

23.     In 2018 and 2019, SRC and the Tenet Entities negotiated and consummated a transaction in which SRC acquired three hospitals and related facilities in the Chicago area: West Suburban Medical Center, Westlake Hospital, and Weiss Memorial Hospital (excluding the Westlake Hospital,[2] the "***Illinois Facilities***").

24.     In connection with the transaction, the Tenet Entities, as sellers, and SRC, as buyer, executed the Amended and Restated Asset Purchase Agreement, dated December 31, 2018, and the First Amendment to Amended and Restated Asset Purchase Agreement, dated January 28, 2019 (such agreement, as amended, the "***APA***").  A copy of the APA is attached hereto as <u>Exhibit A</u>.

25.     Under the APA, the rights to positive cost reports settlements or retroactive adjustments on Seller Cost Reports[3] for the period prior to Closing (the "***Seller Agency Settlements***") remain the property of the Tenet Entities.

26.     Specifically, under Section 2.2 of the APA, certain assets of the Tenet Entities were not conveyed to SRC, including among other things, intercompany receivables, assets and liabilities under medical malpractice risk pools and workers compensation and employee

---

[2] Westlake Hospital was placed into bankruptcy on August 6, 2019, so the reference to Illinois Facilities herein refers to the other two Illinois Facilities sold to SRC pursuant to the APA.

[3] "Cost Reports" are defined in the APA as "all cost and other reports filed pursuant to the requirements of Government Reimbursement Programs, and similar of successor programs with or for the benefit of Governmental Authorities for payment or reimbursements of amounts due from them."  APA § 1.1.  "Government Reimbursement Programs" means "any programs funded or administered by federal or state government, or contractor(s) thereof, for the purposes of paying for health care services. Such programs shall include Medicare, Medicaid, TRICARE, programs administered by the U.S. Department of Labor Employment Standards Administration's Office of Workers' Compensation Programs (e.g., administration of claims pursuant to the Black Lung Benefits Act), and similar or successor programs with or for the benefit of designated federal or state residents."  *Id.*

retirement programs, and the Seller Agency Settlements (collectively, the "***Excluded Assets***").  *See* APA §§ 2.2(a), 2.2(c), 2.2(d).[4]

27.     The Seller Agency Settlements are entitlements to reimbursements under the United States Code, primarily Title 42 thereof, the statutory provisions governing the relationship of health care providers and the U.S. Department of Health and Human Services (DHHS).

28.     Each Seller Agency Settlement, as a distinct statutory entitlement, is a distinct property interest.

29.     The provider numbers for the Illinois Facilities, the bank accounts where reimbursement payments are deposited, and the facilities where DHHS correspondence, notices of reimbursement, and demands for payment were sent were each transferred to SRC pursuant to the APA; accordingly, in order to ensure the Tenet Entities received reimbursements relating to the Seller Agency Settlements, SRC agreed in the APA to (i) promptly remit to the Tenet Entities any refund or other amounts relating to Seller Agency Settlements that it or its affiliates received from a Governmental Authority (as defined in the APA), APA § 8.6(ii); and (ii) forward to the Tenet Entities all correspondence, receipts, or demand for payments relating to Seller Cost Reports or Seller Agency Settlements within ten business days of receipt, APA § 8.8(a).

30.     In connection with the acquisition of assets under the APA, SRC organized certain subsidiaries to own and operate the assets obtained from the Tenet Entities: River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC (the listed Debtor entities, collectively, the "***Propcos***").

---

[4] Conversely, any negative settlements or retroactive adjustments on Seller Cost Reports relating to time periods prior to the closing are "Excluded Liabilities."  *See* APA § 2.4.

31.     The Propcos are "Buyer Designees" under the APA and are jointly and severally responsible with SRC to comply with the obligations associated with the Seller Cost Reports and Seller Agency Settlements.  *See* APA § 11.5.

## II.     SRC'S FAILURE TO REMIT THE TENET ENTITIES' PROPERTY

32.     Pursuant to Section 8.6 of the APA, SRC remitted certain Seller Agency Settlements to the Tenet Entities on a consistent basis through January 20, 2022.

33.     After that time, however, the Defendants failed to perform their duties regarding the Seller Agency Settlements, including remitting payments that belonged to the Tenet Entities.

34.     The following Seller Agency Settlements have not been remitted to the Tenet Entities (the "***Specified Seller Agency Settlements***"):

| Hospital | Program | Cost Report Period | Amount[5] | Notice Date |
|---|---|---|---|---|
| Weiss | Medicare | 5/31/2013 | $23,324.00 | |
| Weiss | Medicare | 5/31/2014 | $35,627.00 | |
| Weiss | Medicare | 5/31/2016 | $169,063.00 | 5/26/2021 [6] |
| Weiss | Medicare | 5/31/2018 | $15,625.00 | 7/27/2022 |
| Weiss | Medicare | 1/27/2019 | $22,558.00 | 7/27/2022 |
| Weiss | TRICARE | *N/A* | $14,500.00 | |
| West Suburban | Medicare | 4/30/2015 | $76,434.00 | |
| West Suburban | Medicare | 4/30/2016 | $109,552.00 | 5/27/2021 [7] |
| West Suburban | Medicare | 4/30/2017 | $ 154,527.00 | 5/27/2021 [7] |
| West Suburban | Medicare | 4/30/2018 | $12,781.00 | 7/14/2022 |
| West Suburban | Medicare | 1/27/2019 | $ 113,966.00 | 3/16/2022 |

---

[5]  For lines missing "Notice Date" information, the Amount is an estimated amount based on the Tenet Entities' filings with the Governmental Authorities.  (As used herein, "***Governmental Authority***" has the meaning ascribed to such term in the APA.)

[6]  On information and belief, the settlement for the Weiss 2016 Cost Report occurred on or about June 14, 2021.  While the payment should have totaled $169,063.00, the payment was reduced to $91,653.37 by a $77,409.63 recoupment on account of Medicare Advance Payments (essentially loans) made by CMS to Defendants after the sale of the Illinois Facilities closed.

[7]  On information and belief, the settlements for the West Suburban 2016 and 2017 Cost Reports occurred on or about June 10, 2021 and were combined.  While the payment should have been $264,129.00, there was a $98,508.33 recoupment on account of Medicare Advance Payments made by CMS to Defendants after the sale of the Illinois Facilities closed.

| West Suburban | Medicare | 1/28/2019 | $783,963.00 | 5/18/2022 |
| West Suburban | TRICARE | *N/A* | $13,030.00 | |

35.     Specified Seller Agency Settlements that have a date in the "Notice Date" column in the table above are confirmed by a notice from the Governmental Authorities, which notices are attached hereto as <u>Exhibit B</u> (the "***Notices***").  Upon information and belief, SRC has received additional notices but has failed to transmit the notices to the Tenet Entities.[8]

36.     SRC has failed to remit the Specified Seller Agency Settlements to Tenet, despite multiple requests by Tenet, including most recently by the undersigned counsel to counsel for the Debtors in the Bankruptcy Cases.

37.     Upon information and belief, some of the Specified Seller Agency Settlements were settled and remitted to the Defendants prior to the Petition Date (the "***Prepetition Settlements***" and all funds received by the Defendants with respect to such settlements, the "***Prepetition Settlement Trust Funds***").  On information and belief, the Prepetition Settlement Trust Funds remained traceable and reasonably identifiable as of the Petition Date.

38.     Upon information and belief, some of the Specified Seller Agency Settlements were settled and remitted to the Defendants after the Petition Date and prior to the transfer of the Illinois Facilities to Ramco Healthcare Holdings, LLC (with its subsidiaries, "***Ramco***") upon the closing (the "***Illinois MIPA Closing***") under the Membership Interest Purchase Agreement ("***MIPA***"), approved by Order of the Bankruptcy Court on November 30, 2022 (*see* Docket No. 601, Exhibit 1) (the "***Postpetition Settlements***" and all funds received by the Defendants with respect to such settlements, the "***Postpetition Settlement Trust Funds***").

---

[8] SRC failed to perform its obligations under the APA by failing to forward to the Tenet Entities all correspondence, receipts, or demand for payments relating to Seller Cost Reports or Seller Agency Settlements within ten business days of receipt.  The last Notice SRC forwarded to the Tenet Entities was dated July 27, 2022.

39.     Upon information and belief, some of the Specified Seller Agency Settlements have been or will be settled and remitted to Ramco after the Illinois MIPA Closing (the "***Ramco Settlements***"; all funds received by Ramco or the Defendants with respect to such settlements to date, the "***Past Ramco Settlement Trust Funds***"; all funds received by Ramco or the Defendants hereafter, the "***Future Ramco Settlement Trust Funds***").

40.     Ramco is obligated under the MIPA to turn over all Past Ramco Settlement Trust Funds and Future Ramco Settlement Trust Funds to the Defendants.   Specifically, Section 8.7(a)(ii) of the MIPA provides that "if [Ramco] or any of its Affiliates receive any refund or other amount that is an Excluded Asset or is otherwise properly due and owing to [SRC] or any of its Affiliates in accordance with the terms of this [MIPA], or if [Ramco] receives any refund or other amount that is due and owing to the prior owner of the Hospital Facilities, [Ramco] promptly shall remit, or shall cause to be remitted, such amount to [SRC]."  MIPA at 35.

<u>CLAIMS FOR RELIEF</u>

**COUNT I – CONVERSION**

41.     The Tenet Entities incorporate all preceding paragraphs as if fully set forth herein.

42.     At all times herein mentioned, the Tenet Entities held and hold the beneficial ownership of the Specified Seller Agency Settlements, and Ramco's and Defendants' interest in the Specified Seller Agency Settlements was and is only as possessor, agent, bailee, or trustee.

43.     At all times herein mentioned, the Tenet Entities held and hold the beneficial ownership of the Prepetition Settlement Trust Funds, the Postpetition Settlement Trust Funds, and the Past Ramco Settlement Trust Funds (collectively, the "***Past Settlement Trust Funds***"), and Ramco's and Defendants' interest in the Past Settlement Trust Funds was and is only as possessor, agent, bailee, or trustee.

10

44.     From the moment received by Defendants, the Tenet Entities had and have an absolute and unconditional right to the immediate possession of the Past Settlement Trust Funds.

45.     Defendants wrongfully and without authorization assumed control over the Specified Seller Agency Settlements and the Past Settlement Trust Funds in an unlawful and unauthorized manner to the exclusion of and inconsistent with the Tenet Entities' rights.

46.     The Specified Seller Agency Settlements and Past Settlement Trust Funds were delivered to the Defendants for safekeeping under the APA.

47.     The APA contemplated that the proceeds of the Specified Seller Agency Settlements would be delivered by the Governmental Authorities as specific funds to or for the benefit of the Defendants that would then be promptly remitted to the Tenet Entities.

48.     The Tenet Entities made demand for possession of the Past Settlement Trust Funds, including by and through undersigned counsel to counsel to the Debtors during the Bankruptcy Cases.

49.     The Defendants refused to return the Past Settlement Trust Funds.

50.     On information and belief, the Defendants spent some or all of the Past Settlement Trust Funds and otherwise disposed of the Specified Seller Agency Settlements, including by allowing them to be recouped against by the Governmental Authorities, during their Bankruptcy Cases.

51.     The Tenet Entities are entitled to an order and judgment for damages as a result of Defendants' conversion of the Past Settlement Trust Funds and Specified Seller Agency Settlements.

52.     To the extent that the Defendants converted Specified Seller Agency Settlements during their Bankruptcy Cases, the Tenet Entities' conversion claims are entitled to administrative

priority under section 503(b)(1) of the Bankruptcy Code and are thus due and payable from the Defendants in full as provided in the Plan Reservation of Rights.

## COUNT II – DECLARATORY JUDGMENT

53. The Tenet Entities incorporate all preceding paragraphs as if fully set forth herein.

54. The Tenet Entities seek declaratory judgment that:

    a.    The Tenet Entities held and hold the beneficial ownership of the Specified Seller Agency Settlements;

    b.    The Defendants' interest in the Specified Seller Agency Settlements was and is only as possessor, agent, bailee, or trustee;

    c.    The Tenet Entities held and hold the beneficial ownership of the Past Settlement Trust Funds;

    d.    The Defendants' interest in the Past Settlement Trust Funds was and is only as possessor, agent, bailee, or trustee;

    e.    Upon payment by a Governmental Authority, the Tenet Entities will hold the beneficial ownership of the Future Ramco Settlement Trust Funds and be entitled to the same;

    f.    Defendants are not entitled to disburse, otherwise dispose of, or receive a benefit in exchange for or on account of the Past Settlement Trust Funds or the Future Ramco Settlement Trust Funds; and,

    g.    Defendants are obligated to promptly turn over any Past Settlement Trust Funds or Future Ramco Settlement Trust Funds to the Tenet Entities.

LEGAL02/45273046v1

55.     There is a justiciable controversy with the Debtors over whether the Specified Seller Agency Settlements and the proceeds thereof are or were property interests of the Tenet Entities as beneficial owner.

56.     The declaratory relief requested above will terminate that controversy.

**COUNT III - INJUNCTIVE RELIEF**

57.     The Tenet Entities incorporate all preceding paragraphs as if fully set forth herein.

58.     The Tenet Entities seek an order:

    a.     enjoining the Defendants from disbursing, otherwise disposing of, or receiving a benefit in exchange for or on account of the Past Settlement Trust Funds or the Future Ramco Settlement Trust Funds;

    b.     requiring that Defendants turnover to the Tenet Entities all economic benefit received or to be received from the Specified Seller Agency Settlements;

    c.     requiring Defendants to provide an accounting of all Specified Seller Agency Settlements to date; and

    d.     requiring Defendants to provide the Tenet Entities any further correspondence or notice or report related to any Specified Seller Agency Settlements within ten business days of Defendants' receipt of same.

59.     The order is necessary and helpful in implementing the Plan and the Plan Reservation of Rights and accordingly may issue under section 105(b) of the Bankruptcy Code.

60.     Regardless, the Tenet Entities will meet the requirements for permanent injunctive relief upon success on the merits for the following reasons:

    a.     There is no equivalent monetary remedy that can compensate for the information sought by the injunction.

LEGAL02/45273046v1

b.      With respect to the funds sought, enjoining Defendants' misuse of trust funds is an appropriate subject of injunctive relief even if a damages claim could later be maintained.

c.      The injunction will not harm the Defendants, because there is no legitimate damage to Defendants in requiring them to turn over property that they do not own.

d.      And the public's interest in avoiding multiplicitous litigation warrants a resolution that addresses Defendant's future conduct without requiring the Tenet Entities to further pursue a claim for damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Tenet Entities request that this Court grant the following relief against Defendants:

(a) Judgment in favor of the Tenet Entities and against the Defendants in the amount of the Specified Seller Agency Settlements converted by the Defendants, with administrative expense priority being given to the claim for property converted during the Bankruptcy Cases;

(b) Judgment in favor of the Tenet Entities and against Defendants for a declaratory judgment, as herein described;

(c) Entry of the permanent injunction against Defendants as herein described; and

(d) Such other and further relief as may be just and proper.

Dated: November 21, 2024              **ALSTON & BIRD LLP**

                                      */s/ Jared M. Slade*
                                      Jared M. Slade
                                      Texas Bar No. 24060618
                                      S.D. Tex. Bar no. 1813371

14

Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
T: 214-922-3400
E: jared.slade@alston.com

*and*

Leah Fiorenza McNeill (*pro hac vice*)
Georgia Bar No. 940554
Jacob A. Johnson (*pro hac vice*)
Georgia Bar No. 849407
One Atlantic Center
1201 West Peachtree Street NW
Atlanta, GA 30309
T: 404-881-7000
F: 404-881-7777
E: leah.mcneill@alston.com
E: jacob.johnson@alston.com

*Counsel for the Tenet Entities*

LEGAL02/45273046v1

## Exhibit A

**(Amended and Restated Asset Purchase Agreement By and Between SRC Hospital Investments II, LLC and Tenet Business Services Corporation and the Other Sellers Named Herein, Dated December 31, 2018, and the First Amendment thereto, dated January 28, 2019)**

**[The APA is confidential and filed under seal]**

LEGAL02/45273046v1

**<u>Exhibit B</u>**

**(Notices of Settlement by Governmental Authorities)**

LEGAL02/45273046v1



MEDICARE

P.O Box 4900
Syracuse, NY 13221-4900

www.NGSMedicare.com

May 26, 2021

Ms. Mary Shehan
CEO
Louis A Weiss Memorial Hospital
4646 N marine Dr
Administration
Chicago, IL 60640-5759

Re:    Revised Notice of Program Reimbursement
       Provider Number(s):  140082, 14S082, 14T082
       Medicare Administrative Contract # 06101

Dear Ms. Shehan:

Enclosed please find your facility's notification of your Revised Final Settlement for the fiscal year
ending 5/31/2016.  The results of our reopening review have been incorporated in this Revised
Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that Louis A
Weiss Memorial Hospital has been underpaid $169,063.00 for the fiscal year 5/31/2016, as
summarized below.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| 14-0082 | $134,314.00 | $34,749.00 | $169,063.00 |
| 14-S082 | $0.00 | $0.00 | $0.00 |
| 14-T082 | $0.00 | $0.00 | $0.00 |
| **Provider Totals** | **$134,314.00** | **$34,749.00** | **$169,063.00** |

Therefore, we have calculated a payment due your institution in the amount of $169,063.00.  The
total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Sue McHugh at
susan.mchugh@anthem.com.

Sincerely,

*Kevin Flemm* for

Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Enclosures

29112
1/8/21



Attachment A

<u>PAYMENT DUE PROVIDER</u>

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

<u>NOTIFICATION OF APPEAL/REOPENING PROCEDURES</u>

A request for either a Provider Reimbursement Review Board (PRRB) hearing or an Intermediary hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

**PRRB HEARINGS**

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB strongly encourages that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS").  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

In the alternative to filing through OH CDMS, the appeal requests may be sent by overnight delivery to:

<u>Chairman of the Board</u>
Provider Reimbursement Review Board
CMS Office of Hearings
7500 Security Boulevard
Mail Stop: N2-19-25
Baltimore, MD 21244

Also, a copy of the appeal request should be sent electronically to prrb@fssappeals.com and ngscostreportappeal2@anthem.com if not using the PRRB electronic filing option. If filing documents electronically to the MAC or ASC is not an option, the following addresses shall be used for U.S. Mail or express delivery services:

| | |
|---|---|
| PRRB Appeals | Ms. Danene Hartley |
| Federal Specialized Services | National Government Services, Inc. |
| 1701 S. Racine Avenue | MP:  INA102-AF42 |
| Chicago, IL 60608-4058 | P.O. Box 6474 |
| | Indianapolis, IN  46206-6474 |

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

## INTERMEDIARY HEARINGS

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as an Intermediary Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

(1) be in writing,
(2) specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
(3) state the reason supporting the Provider's position, and
(4) cite the regulation and manual sections upon which the exceptions are based.

Request for an Intermediary Hearing should be sent electronically to intermediary@fssappeals.com.  If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

PRRB Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to ngscostreportappeal2@anthem.com.  If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Ms. Danene Hartley
National Government Services, Inc.
MP:  INA102-AF42
P.O. Box 6474
Indianapolis, IN  46206-6474

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of an Intermediary hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.  However, once an Intermediary Hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

## REOPENING REQUESTS

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835.  Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send reopening requests to: cost.report.reopenings@anthem.com.

 

July 27, 2022

Ms. Irena Dumanis
CEO
Louis A Weiss Memorial Hospital
4646 N Marine Dr.
Administration
Chicago, IL 60640-5759

Re:     Revised Notice of Program Reimbursement
        Provider Number(s):  140082, 14S082, 14T082
        Medicare Administrative Contract #06101

Dear Ms. Dumanis:

Enclosed please find your facility's notification of your Revised Final Settlement for the fiscal year
ending 05/31/2018.   The results of our reopening review have been incorporated in this Revised
Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that Louis A
Weiss Memorial Hospital has been underpaid $15,625.00 for the fiscal year 05/31/2018, as
summarized below.

| Provider # | Part A | Part B | Total |
|------------|--------|--------|-------|
| 140082 | $11,098.00 | $4,527.00 | $15,625.00 |
| 14S082 | $0.00 | $0.00 | $0.00 |
| 14T082 | $0.00 | $0.00 | $0.00 |
| **Provider Totals** | **$11,098.00** | **$4,527.00** | **$15,625.00** |

Therefore, we have calculated a payment due your institution in the amount of $15,625.00.  The
total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Sue McHugh at
Susan.McHugh@anthem.com.

29112
5/6/22

We're looking for ways to improve your Audit and Reimbursement experience. Please take a few minutes to share your thoughts with us.
https://cmsmacfedramp.gov1.qualtrics.com/jfe/form/SV_cAPrTcgW6CNBq0m?ReviewType=Provider

Sincerely,

Gail S DeSimio for

Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Attachments

Attachment A

<u>PAYMENT DUE PROVIDER</u>

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

<u>NOTIFICATION OF APPEAL/REOPENING PROCEDURES</u>

A request for either a Provider Reimbursement Review Board (PRRB) hearing or a Contractor hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

<u>PRRB HEARINGS</u>

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB requires that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS") unless an exemption is granted under PRRB Rule 2.1.2.  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

<u>CONTRACTOR HEARINGS</u>

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as a Contractor Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

(1) be in writing,
(2) specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
(3) state the reason supporting the Provider's position, and
(4) cite the regulation and manual sections upon which the exceptions are based.

Request for a Contractor Hearing should be sent electronically to [intermediary@fssappeals.com](mailto:intermediary@fssappeals.com). If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Contractor Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to the MAC at
ngscostreportappeal2@anthem.com.

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of a Contractor hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues. However, once a Contractor hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

<u>REOPENING REQUESTS</u>

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835. Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send <u>reopening requests</u> to: cost.report.reopenings@anthem.com

 

July 27, 2022

Ms. Irena Dumanis
CEO
Louis A Weiss Memorial Hospital
4646 N Marine Dr.
Administration
Chicago, IL 60640-5759

Re:    Revised Notice of Program Reimbursement
       Provider Number(s):  140082, 14S082, 14T082
       Medicare Administrative Contract #06101

Dear Ms. Dumanis:

Enclosed please find your facility's notification of your Revised Final Settlement for the fiscal year ending 01/27/2019.   The results of our reopening review have been incorporated in this Revised Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that Louis A Weiss Memorial Hospital has been underpaid $22,558.00 for the fiscal year 01/27/2019, as summarized below.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| 140082 | $15,990.00 | $6,568.00 | $22,558.00 |
| 14S082 | $0.00 | $0.00 | $0.00 |
| 14T082 | $0.00 | $0.00 | $0.00 |
| Provider Totals | $15,990.00 | $6,568.00 | $22,558.00 |

Therefore, we have calculated a payment due your institution in the amount of $22,558.00.  The total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Sue McHugh at Susan.McHugh@anthem.com.

P.O. Box 7040  |  Indianapolis, IN 46207-7040  |  www.ngsmedicare.com

29112
5/6/22

We're looking for ways to improve your Audit and Reimbursement experience. Please take a few minutes to share your thoughts with us.
https://cmsmacfedramp.gov1.qualtrics.com/jfe/form/SV_cAPrTcgW6CNBq0m?ReviewType=Provider

Sincerely,

*Gail DeSimio* for

Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Attachments

Attachment A

<u>PAYMENT DUE PROVIDER</u>

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

<u>NOTIFICATION OF APPEAL/REOPENING PROCEDURES</u>

A request for either a Provider Reimbursement Review Board (PRRB) hearing or a Contractor hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

<u>PRRB HEARINGS</u>

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB requires that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS") unless an exemption is granted under PRRB Rule 2.1.2.  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

<u>CONTRACTOR HEARINGS</u>

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as a Contractor Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

(1) be in writing,
(2) specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
(3) state the reason supporting the Provider's position, and
(4) cite the regulation and manual sections upon which the exceptions are based.

Request for a Contractor Hearing should be sent electronically to [intermediary@fssappeals.com](mailto:intermediary@fssappeals.com). If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Contractor Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to the MAC at ngscostreportappeal2@anthem.com.

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of a Contractor hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.  However, once a Contractor hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

## REOPENING REQUESTS

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835.  Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send reopening requests to: cost.report.reopenings@anthem.com



MEDICARE

P.O Box 4900
Syracuse, NY 13221-4900

www.NGSMedicare.com

May 27, 2021

Mr. Joseph Ottolino
CEO
West Suburban Medical Center
3 Erie Ct
Oak Park, IL  60302-2519

Re:     Revised Notice of Program Reimbursement
        Provider Number(s):  14-0049, 14-5743
        Medicare Administrative Contract # 06101

Dear Mr. Ottolino:

Enclosed please find your facility's notification of your Revised Final Settlement for the fiscal year ending 04/30/2016.  The results of our reopening review have been incorporated in this Revised Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that West Suburban Medical Center has been underpaid $109,552.00 for the fiscal year 04/30/2016, as summarized below.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| 14-0049 | $80,432.00 | $29,120.00 | $109,552.00 |
| 14-5743 | $0.00 | $0.00 | $0.00 |
| Provider Totals | $80,432.00 | $29,120.00 | $109,552.00 |

Therefore, we have calculated a payment due your institution in the amount of $109,552.00.  The total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Susan McHugh at Susan.McHugh@anthem.com.

Sincerely,

*Kevin Fleenor* for

Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Enclosures

29112
1/8/21



Attachment A

<u>PAYMENT DUE PROVIDER</u>

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

## NOTIFICATION OF APPEAL/REOPENING PROCEDURES

A request for either a Provider Reimbursement Review Board (PRRB) hearing or an Intermediary hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

## PRRB HEARINGS

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB strongly encourages that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS").  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

In the alternative to filing through OH CDMS, the appeal requests may be sent by overnight delivery to:

Chairman of the Board
Provider Reimbursement Review Board
CMS Office of Hearings
7500 Security Boulevard
Mail Stop: N2-19-25
Baltimore, MD 21244

Also, a copy of the appeal request should be sent electronically to prrb@fssappeals.com and ngscostreportappeal2@anthem.com if not using the PRRB electronic filing option. If filing documents electronically to the MAC or ASC is not an option, the following addresses shall be used for U.S. Mail or express delivery services:

| | |
|---|---|
| PRRB Appeals | Ms. Danene Hartley |
| Federal Specialized Services | National Government Services, Inc. |
| 1701 S. Racine Avenue | MP:  INA102-AF42 |
| Chicago, IL 60608-4058 | P.O. Box 6474 |
| | Indianapolis, IN  46206-6474 |

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

## INTERMEDIARY HEARINGS

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as an Intermediary Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

    (1) be in writing,
    (2) specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
    (3) state the reason supporting the Provider's position, and
    (4) cite the regulation and manual sections upon which the exceptions are based.

Request for an Intermediary Hearing should be sent electronically to intermediary@fssappeals.com.  If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

PRRB Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to ngscostreportappeal2@anthem.com.  If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Ms. Danene Hartley
National Government Services, Inc.
MP:  INA102-AF42
P.O. Box 6474
Indianapolis, IN  46206-6474

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of an Intermediary hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues. However, once an Intermediary Hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

## REOPENING REQUESTS

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835.  Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send reopening requests to: cost.report.reopenings@anthem.com.



MEDICARE

P.O Box 4900
Syracuse, NY 13221-4900

www.NGSMedicare.com

May 27, 2021

Mr. Joseph Ottolino
CEO
West Suburban Medical Center
3 Erie Ct
Oak Park, IL 60302-2519

Re:    Revised Notice of Program Reimbursement
       Provider Number(s):  14-0049, 14-5743
       Medicare Administrative Contract # 06101

Dear Mr. Ottolino:

Enclosed please find your facility's notification of your Revised Final Settlement for the fiscal year ending 04/30/2017.  The results of our reopening review have been incorporated in this Revised Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that West Suburban Medical Center has been underpaid $154,527.00 for the fiscal year 04/30/2017, as summarized below.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| 14-0049 | $128,593.00 | $25,934.00 | $154,527.00 |
| 14-5743 | $0.00 | $0.00 | $0.00 |
| Provider Totals | $128,593.00 | $25,934.00 | $154,527.00 |

Therefore, we have calculated a payment due your institution in the amount of $154,527.00.  The total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Sue McHugh at Susan.McHugh@anthem.com.

Sincerely,

*Kevin Fleenor* for

Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Enclosures

29112
1/8/21



Attachment A

<u>PAYMENT DUE PROVIDER</u>

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

<u>NOTIFICATION OF APPEAL/REOPENING PROCEDURES</u>

A request for either a Provider Reimbursement Review Board (PRRB) hearing or an Intermediary hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

**<u>PRRB HEARINGS</u>**

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB strongly encourages that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS").  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

In the alternative to filing through OH CDMS, the appeal requests may be sent by overnight delivery to:

<u>Chairman of the Board</u><br>
Provider Reimbursement Review Board<br>
CMS Office of Hearings<br>
7500 Security Boulevard<br>
Mail Stop: N2-19-25<br>
Baltimore, MD 21244

Also, a copy of the appeal request should be sent electronically to prrb@fssappeals.com and ngscostreportappeal2@anthem.com if not using the PRRB electronic filing option. If filing documents electronically to the MAC or ASC is not an option, the following addresses shall be used for U.S. Mail or express delivery services:

| | |
|---|---|
| PRRB Appeals | Ms. Danene Hartley |
| Federal Specialized Services | National Government Services, Inc. |
| 1701 S. Racine Avenue | MP:  INA102-AF42 |
| Chicago, IL 60608-4058 | P.O. Box 6474 |
| | Indianapolis, IN  46206-6474 |

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

## INTERMEDIARY HEARINGS

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as an Intermediary Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

(1) be in writing,
(2) specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
(3) state the reason supporting the Provider's position, and
(4) cite the regulation and manual sections upon which the exceptions are based.

Request for an Intermediary Hearing should be sent electronically to intermediary@fssappeals.com.  If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

PRRB Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to ngscostreportappeal2@anthem.com.  If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Ms. Danene Hartley
National Government Services, Inc.
MP:  INA102-AF42
P.O. Box 6474
Indianapolis, IN  46206-6474

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of an Intermediary hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues. However, once an Intermediary Hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

## REOPENING REQUESTS

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835.  Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send reopening requests to: cost.report.reopenings@anthem.com.

 

July 14, 2022

Ms. Barbara Martin
CEO
West Suburban Medical Center
3 Erie Ct
Oak Park, IL 60302-2519

Re:     Revised Notice of Program Reimbursement
        Provider Number(s):  14-0049, 14-5743
        Medicare Administrative Contract #06101

Dear Ms. Martin:

Enclosed please find your facility's notification of your Revised Final Settlement for the fiscal year ending 04/30/2018.   The results of our reopening review have been incorporated in this Revised Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that West Suburban Medical Center has been underpaid $12,781.00 for the fiscal year 04/30/2018, as summarized below.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| 14-0049 | $9,366.00 | $3,415.00 | $12,781.00 |
| 14-5743 | $0.00 | $0.00 | $0.00 |
| Provider Totals | $9,366.00 | $3,415.00 | $12,781.00 |

Therefore, we have calculated a payment due your institution in the amount of $12,781.00.  The total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Susan McHugh at Susan.McHugh@elevancehealth.com.

We're looking for ways to improve your Audit and Reimbursement experience. Please take a few minutes to share your thoughts with us.
https://cmsmacfedramp.gov1.qualtrics.com/jfe/form/SV_cAPrTcgW6CNBq0m?ReviewType=Provider

Sincerely,

for

Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Attachments

29112
5/6/22

Attachment A

PAYMENT DUE PROVIDER

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

<u>NOTIFICATION OF APPEAL/REOPENING PROCEDURES</u>

A request for either a Provider Reimbursement Review Board (PRRB) hearing or a Contractor hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

## <u>PRRB HEARINGS</u>

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB requires that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS") unless an exemption is granted under PRRB Rule 2.1.2.  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

## <u>CONTRACTOR HEARINGS</u>

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as a Contractor Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

(1) be in writing,
(2) specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
(3) state the reason supporting the Provider's position, and
(4) cite the regulation and manual sections upon which the exceptions are based.

Request for a Contractor Hearing should be sent electronically to intermediary@fssappeals.com. If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Contractor Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to the MAC at ngscostreportappeal2@anthem.com.

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of a Contractor hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues. However, once a Contractor hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

<u>REOPENING REQUESTS</u>

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835. Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send <u>reopening requests</u> to: cost.report.reopenings@anthem.com



MEDICARE

P.O. Box 7149
Indianapolis, IN 46207-7149

March 16, 2022

Mr. Rob Riordan
Director of Reimbursement
VHS West Suburban Medical Center, Inc.
1445 Ross Avenue, Suite 1400
Dallas, TX 75202-2703

**SUBJECT:   TENTATIVE SETTLEMENT – PAYMENT DUE PROVIDER**
        **Provider Number :**    14-0049
        **Subunit Number(s):**   14-5743
        **Reporting Period From:**   05/01/2018 **Through** 01/27/2019

Dear Mr. Riordan:

We have computed a tentative settlement for your as-filed Medicare cost report.  The calculated tentative settlement amount is $113,966. **The balance due your facility based on our tentative settlement computation is $**113,966**, as summarized below**. The balance due includes any payments made by the facility based on your as filed cost report.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| **14-0049** | $84,299 | $29,667 | $113,966 |
| **14-5743** | $0 | $0 | $0 |
| **Provider Totals** | **$84,299** | **$29,667** | **$113,966** |

This amount is scheduled to be paid to your facility.  However, if your facility has outstanding liabilities due the Medicare Program, we are obligated to recoup the applicable amount from the payable above.  Please refer to **Attachment A** for more detailed information regarding payment.

Please refer to the enclosed supporting documentation for details of our analysis. If you have any questions, please contact Michael Schwahn at Michael.Schwahn@anthem.com.

Sincerely,

*Paul Swdewl*          for

John Stoll, Manager
Medicare Audit & Reimbursement

Attachments

29536
7/9/21



**Attachment A – Payment Due Provider**

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Exhibit 1.1

**WEST SUBURBAN HOSP MED CTR**
**140049**
**1/27/2019**

I have verified that the provider  correctly / incorrectly included lump sums.

(If incorrectly reported, adjust under "Other Adjustments" below)

## Submitted Bottom Line (W/S S Line 100)

Michael Schwahn 03/08/2022

(Sign off and date above)

Tentative Date   3/16/2022

Michael Schwahn 03/08/2022

| | | PRIOR SUBMITTED PYE: 4/30/2018 | | PRIOR FINAL PYE: 4/30/2018 | | Part A | Part B | Total | Variance | | CURRENT SUBMIT | | ADJ'd% OVERRIDE | | Tentative Adj'% | | TENTATIVE ADJUSTMENT | | TENTATIVE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PART A | PART B | PART A | PART B | 695,517 | 177,870 | 873,387 | PART A | PART B | PART A | PART B | PART A | PART B | PART A | PART B | PART A | PART B | PART A | PART B | PART B |
| MAIN PROVIDER 140049 | E-1 L4 C24 | 25,303,475 | 8,926,593 | 25,332,578 | 8,955,979 | 41,611 | 23,442 | | | | 18,726,078 | 6,259,817 | 0.00% | 0.00% | 0.00% | 0.00% | - | - | 695,518 | 177,870 | 177,870 |
| | E-1 L7 C24 | 25,899,944 | 8,801,413 | 25,970,656 | 8,854,241 | | | | | | 19,421,596 | 6,437,487 | | | | | | | | | |
| | | 596,469 | (125,180) | 638,080 | (101,738) | | | | | | 695,518 | 177,870 | | | | | | | 695,518 | | |
| SNF Sub 143743 | E-1 L4 C24 | 2,884,003 | - | 2,871,878 | - | | | | | | 1,361,564 | - | | | | | | | | | |
| | E-1 L7 C24 | 2,884,003 | - | 2,871,877 | - | (1) | (1) | | | | 1,361,563 | - | | | | | | | (1) | (1) | |
| | | - | - | (1) | | | | | | | (1) | | | | | | | | | | |
| TOTALS | | 596,469 | (125,180) | 638,079 | (101,738) | 41,610 | 23,442 | | | | 695,517 | 177,870 | | | | | | | 695,517 | 177,870 | 177,870 |

ENTER AS NEGATIVE

OTHER ADJUSTMENTS:

Adjustment to $0 Before CR 11542 Adjustments (see comments):
(695,518)   (177,870)
140049
14-0743   -
CR 11542 DGME Adjustment   84,299   29,667
140049

(695,518)   695,518
84,299
(1)   84,299   29,667

(DO NOT INCLUDE OVERPAYMENTS HERE)

**TOTAL TENTATIVE (STAR):**   $ 84,299   $ 29,667

Payments:

(REPORT AS FILED OVERPAYMENTS HERE)

**TOTAL TENTATIVE PAYMENT:**   $ 84,299   $ 29,667

COMMENTS:

This amended tentative settlement is completed in accordance with Change Request 11542 to calculate NAH and GME adjustments. Because of this, the overall tentative adjustment is overwritten and an adjustment is made to reduce the tentative settlement to $0 prior to the NAH and GME adjustments. In doing so, the tentative settlement amount is issued only for the Change Request 11542 NAH and GME adjustments.

Final determination will be made upon settlement.

If this is a CAH, has the 96-Hour Length of Stay Calculation been met? (HFS Report)
If this is a LTCH, has the 25 DAY ALOS Calculation been met? (HFS Report)
If this is a Subsection D Hospital or Critical Access Hospital, has the facility claimed HITECH Incentive Payment on E-1, Pt 6? (If yes complete Exhibit 1.11 of REM-501)

N-A-Not a CAH
N-A-Not a LTCH
No

1 of 1

RSM-501 Tentative Settlement, Exh 1.1 -
Tentative Calculation Worksheet

1544032
6/23/20





May 18, 2022

Ms. Barbara Martin
CEO
VHS West Suburban Medical Center, Inc.
3 Erie Court
Oak Park, IL 60302-2519

Re:     Notice of Program Reimbursement
        Provider Number(s):  14-0049, 14-5743
        Medicare Administrative Contract #06101

Dear Ms. Martin:

On 12/02/2019, we received your cost report for the fiscal year ending 01/27/2019.  We have reviewed this report, and the results of our review have been incorporated in this Notice of Amount of Program Reimbursement (NPR).  Based on this review, we find that VHS West Suburban Medical Center, Inc. has been underpaid $783,963.00 for the fiscal year 01/27/2019, as summarized below.

| Provider # | Part A | Part B | Total |
|---|---|---|---|
| 14-0049 | $621,690.00 | $162,273.00 | $783,963.00 |
| 14-5743 | $0.00 | $0.00 | $0.00 |
| Provider Totals | $621,690.00 | $162,273.00 | $783,963.00 |

Therefore, we have calculated a payment due your institution in the amount of $783,963.00.  The total amount will be included in a remittance advice within the next 30 days.

If you have any additional questions, please do not hesitate to contact Cannen Shell at cannen.shell@anthem.com.

We're looking for ways to improve your Audit and Reimbursement experience. Please take a few minutes to share your thoughts with us.
https://cmsmacfedramp.gov1.qualtrics.com/jfe/form/SV_cAPrTcgW6CNBq0m?ReviewType=NPR

Sincerely,

for
Christine E. Klimek
Manager
Medicare Audit & Reimbursement

Attachments

17123
5/6/22

Attachment A

<u>PAYMENT DUE PROVIDER</u>

If your facility has an approved Extended Repayment Schedule, you have 15 calendar days from the date of this letter to submit a statement along with all pertinent evidence as to why this underpayment should not be offset against the Extended Repayment Schedule.

Your response must be received within 15 calendar days of this letter for it to be considered timely. In the event your response is not received timely, we will offset the funds to reduce the outstanding balance of the Extended Repayment Schedule. If a response is received timely, we will not take action to offset the funds until we completed our review of the submitted documentation for a final determination. Should we determine that the offset is appropriate, in whole or in part, we will notify you in writing of our specific findings of the conditions on which the offset was based, and an explanatory statement for the final decision.

Send your documentation along with a full copy of this letter to:

J6A.ERS.Requests@anthem.com

Attachment B

NOTIFICATION OF APPEAL/REOPENING PROCEDURES

A request for either a Provider Reimbursement Review Board (PRRB) hearing or a Contractor hearing must be filed within 180 days from the date the Notice of Program Reimbursement (NPR)/Revised Notice of Program Reimbursement (RNPR) was received.  The Provider's reopening rights expire three (3) years after the date of the NPR/RNPR.

## PRRB HEARINGS

If the amount in controversy is $10,000.00 or more, the dispute will be heard by the PRRB, a review board established pursuant to Section 243 of PL 92-603.  Detailed instructions for filing a request for a PRRB hearing can be found on the PRRB website.

The PRRB requires that appeal requests be filed electronically via its electronic filing tool, the Office of Hearings Case and Document Management System ("OH CDMS") unless an exemption is granted under PRRB Rule 2.1.2.  The PRRB notifies National Government Services, Inc. (the MAC) and Federal Specialized Services (the ASC) when the appeal request is filed electronically through OH CDMS.  This filing option eliminates the need for the Provider to file separate copies with the MAC and the ASC.

Subsequent to the filing of an appeal request with the PRRB, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.

## CONTRACTOR HEARINGS

If the amount in controversy is at least $1,000.00, but less than $10,000.00, Federal Specialized Services will manage the dispute as a Contractor Hearing.  A Provider may include any material it wishes to have considered in support of its position, but at a minimum, the request must:

(1)  be in writing,
(2)  specify the MAC determination that was made by referring to and supplying copies of actual adjustments and amounts in controversy,
(3)  state the reason supporting the Provider's position, and
(4)  cite the regulation and manual sections upon which the exceptions are based.

Request for a Contractor Hearing should be sent electronically to intermediary@fssappeals.com. If filing documents electronically is not an option, the following address shall be used for U.S. Mail or express delivery services:

Contractor Appeals
Federal Specialized Services
1701 S. Racine Avenue
Chicago, IL 60608-4058

Also, a copy of the appeal request should be sent electronically to the MAC at ngscostreportappeal2@anthem.com.

Please note that the authority of the Federal Specialized Services Hearing Officer is limited to a consideration of facts and the application of the law, regulations and general instructions as written in regard to those facts.  The officers cannot entertain arguments directed to the constitutionality, legality, propriety, or wisdom of any of the laws, regulations or general instructions.

Subsequent to the filing of a Contractor hearing request, discussions may still continue between the Provider and the MAC with a view toward clarifying, defining and narrowing the issues.  However, once a Contractor hearing request is filed, settlement of the disputed adjustment(s) must be approved by Federal Specialized Solutions.

<u>REOPENING REQUESTS</u>

The PRRB has no jurisdiction over issues for which no adjustment to the Medicare cost report was made by the MAC.  Such issues will be challenged as not meeting the criteria of 42 CFR 405.1835.  Therefore, in instances where the Provider wishes to make a change to a settled Medicare cost report for an issue for which no adjustment was made, it is recommended that the Provider file a request to the MAC to reopen the Medicare cost report.  The reopening request should be issue specific, and the appropriate section of the law, regulation or instruction should be referenced.

Please send reopening requests to: cost.report.reopenings@anthem.com