UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PIPELINE HEALTH SYSTEM, LLC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 22-90291 (MI)<br><br>(Jointly Administered) |
| TENET BUSINESS SERVICES CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SRC HOSPITAL INVESTMENTS II, LLC, *et al.*,<br><br>Defendants. | Adv. No. 23-03078 (lead case), *consolidated with* Adv. Nos 23-03079, 23-03080, 23-03081 and 23-03082 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENT
TO THE SUMMARY JUDGMENT RECORD**

At the January 8, 2025 summary judgment hearing, Defendants[1] understood that the Court ordered Tenet to supplement the summary judgment record with the relevant DACA agreements for the Court's review—*not* that Tenet had leave to submit supplemental briefing. Pipeline believes the DACAs' contents speak for themselves, but since Tenet has nonetheless submitted supplemental briefing, Pipeline hereby submits this response out of an abundance of caution.

Tenet's supplemental brief does not create a genuine issue of material fact about the bank deposits and sweeps. It only reinforces what the Court noted at the hearing: Sector swept the

---

[1] Defendants SRC Hospital Investments II, LLC ("SRC"); River Forest Property Holdings, LLC; Weiss MOB Property Holdings, LLC; Weiss Property Holdings, LLC; and West Suburban Property Holdings, LLC are referred to collectively herein as "Defendants" or "Pipeline."

1

nongovernment lockbox account balance to zero, negating Tenet's tracing theory. In fact, Tenet purposefully misconstrues the DACAs' operation to manufacture a triable issue of fact where there is none—notably, by arguing what dependent clause "at the beginning of such Business Day" supposedly modifies, with no evidence supporting its contractual interpretation.

Tenet's theory ignores the sweep instructions' practical effect. Wells Fargo was instructed, "on each day on which Bank is open to conduct its regular banking business, other than a Saturday, Sunday or public holiday (each a "Business Day") during the term of this Agreement, to transfer to the Destination Account…<u>the full amount of the collected and available balance in the Collateral Accounts at the beginning of such Business Day</u>." ECF No. 184, Ex. A-1 at 9, ¶ 4. The DACA shows there are two available times the balance could be transferred: "intraday" or "start of day." *See* Ex. A-1 at 15 ("Balance (Intraday or Start of Day): Start of Day"). Here, the transfers are designated to occur at "start of day." But looking at the "intraday" option demonstrates how Tenet's interpretation (*i.e.*, that "start of day" modifies "available balance") makes no sense: there are no discernible "intraday" collected and available daily balances on bank statements.

Tenet also cherry picks dates from the Weiss April 2022 non-government lockbox statements to argue Wells Fargo did not sweep the full balance, but this is irrelevant. First, none of the Weiss CMS deposits at issue were in April 2022. *See* ECF No. 152, ¶ 1. Second, while CMS remitted an April 2022 payment to West Suburban,[2] the *West Suburban* bank statement shows Sector swept the full April 6 balance of $372,409.85 (ex. 11 at REDE Page 627) to the Sector account on April 7 ($372,409.85 debit) (*id*. at REDE Page 626).

Indeed, Defendants' Exhibit 10, which the parties reviewed at the hearing, shows the last CMS deposit before the Petition Date was swept to Sector on August 17. Specifically, on August 16, Wells Fargo transferred to the Weiss non-government lockbox account (no. -0039) the entire

---

[2] ECF No. 152, ¶ 4.

balance of $41,498.52 from the Weiss government lockbox account (no. -0021), which included this final CMS reimbursement (*see* ECF No. 152 at ¶ 1, Table 1):

| 08/16 | 41,498.52 | ZBA Funding Account Transfer From 4078360021 |

Ex. 10 at REDE Page 544 of 786 ("Electronic deposits/bank credits").

After other deposits, the non-government lockbox account's ending balance on August 16 was $233,783.48. Ex. 10 at REDE Page 552 of 786. The entire day's ending balance of $233,783.48—meaning *all* of the CMS funds—was debited to Sector on August 17. *Id*. at REDE Page 551.

**August 16 Ending Balance:**           **August 17 Debit to Sector:**

| Date | Balance |
|---|---|
| 08/10 | 577,313.90 |
| 08/11 | 103,000.80 |
| 08/12 | 328,444.09 |
| 08/15 | 178,132.73 |
| 08/16 | 233,783.48 |
| 08/17 | 270,046.88 |
| 08/18 | 296,382.19 |
| 08/19 | 236,220.93 |

| 08/17 | 233,783.48 | Sector Srf# Trn#220816031239 Rfb# WT Fed#03748 Jpmorgan Chase Ban /Ftr/Bnf=Opportunity Funding I, LLC - Sector Srf# Trn#220817030271 Rfb# |

This complete start-of-day sweep was the norm, even for non-CMS funds. For example, the following days' ending balances on August 17 and 18 were also swept in their entirety:

**August 17 Ending Balance:**           **August 18 Debit to Sector:**

| Date | Balance |
|---|---|
| 08/10 | 577,313.90 |
| 08/11 | 103,000.80 |
| 08/12 | 328,444.09 |
| 08/15 | 178,132.73 |
| 08/16 | 233,783.48 |
| 08/17 | 270,046.88 |
| 08/18 | 296,382.19 |
| 08/19 | 236,220.93 |

| 08/18 | 270,046.88 | Deposit of $966 1.29 on 08/17/2022. WT Fed#02894 Jpmorgan Chase Ban /Ftr/Bnf=Opportunity Funding I, LLC - Sector Srf# Trn#220818031608 Rfb# |

**August 18 Ending Balance:**           **August 19 Debit to Sector:**

| Date | Balance |
|---|---|
| 08/10 | 577,313.90 |
| 08/11 | 103,000.80 |
| 08/12 | 328,444.09 |
| 08/15 | 178,132.73 |
| 08/16 | 233,783.48 |
| 08/17 | 270,046.88 |
| 08/18 | 296,382.19 |
| 08/19 | 236,220.93 |

| 08/19 | 296,382.19 | WT Fed#04192 Jpmorgan Chase Ban /Ftr/Bnf=Opportunity Funding I, LLC - Sector Srf# Trn#220819033692 Rfb# |

3

Because there were no other CMS deposits after August 16, there were <u>no CMS funds that remained in the non-government accounts</u> as of the Petition Date. As the exhibit shows: after receipt of the last CMS payment at issue, the August 16 balance was $233,785.48. That exact amount was then swept at "the start of [the] day" on August 17. The same thing happened (with non-CMS monies) thereafter, as the subsequent entries prove.

Tenet's theoretical argument in semantics does not negate the inescapable conclusion that Wells Fargo transferred the entire balance in the nongovernment lockbox account to Sector—which is what happened on August 17, the only date that matters for the Court's analysis. Tenet has not adduced evidence to create a genuine issue of material fact.

Dated: January 23, 2025

**CARLSON & JAYAKUMAR LLP**

_____
Keith W. Carlson
    (CA Bar No. 193437 *admitted pro hac vice*)
Lil G. Delcampo
    (CA Bar No. 190055 *admitted pro hac vice*)
Kathrynn F. Benson
    (CA Bar No. 311000 *admitted pro hac vice*)
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660
Telephone:    949-222-2008
Email:    keith@cjattoneys.com
        lil@cjattorneys.com
        kathrynn@cjattorneys.com

*and*

**JACKSON WALKER LLP**
Veronica A. Polnick
    (TX Bar No. 24079148)
Javier Gonzalez
    (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

4

Email: vpolnick@jw.com
jgonzalez@jw.com

*Co-Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 23, 2025, a true and correct copy of the foregoing was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                     */s/* Kathrynn F. Benson /
                                                     Kathrynn F. Benson
                                                     *Counsel for Defendants*